

FILED

Margaret Botkins
Clerk of Court

10:34 am, 6/28/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

MONICA RODRIGUEZ, )
          Plaintiff, )
            )
v.            )  Case No. 22-cv-140- ABJ
            )
            )
MASTER SAFE, INC., )
MASTER SAFE LEASING, INC., and )
KIRK MACKINTOSH JR., )
          Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and for her causes of action against the Defendants alleges and states as follows:

### I. THE PARTIES

1. This action is a diversity action between a citizen of the State of Wyoming and citizens/corporations of another state.

2. Plaintiff is a resident and citizen of the State of Wyoming.

3. Defendant Master Safe, Inc., is an Illinois for profit corporation located in Schaumburg, Illinois. This Defendant may be properly served with Summons by serving its registered agent, Vadim M. Mungiu, at 2513 Brush Road Unit 202, Schaumburg, Cook County, Illinois 60173.

4. Defendant Master Safe Leasing, Inc., is an Illinois for profit corporation located in Schaumburg, Illinois. This Defendant may be properly served with Summons by serving its resident agent, Vadim Mungiu, at 2513 Brush Road, Apt. 202, Schaumburg, IL 60173-3920.

5. Upon information and belief, Defendant Kirk Mackintosh, Jr., is a resident of the State of

1

Missouri, and he may be served with Summons at his residential address.

6. At all times material hereto, Defendant Kirk Mackintosh, Jr., was an employee and/or agent acting within the nature, course, and scope of his employment and/or apparent agency with Defendant Master Safe, Inc. and/or Defendant Master Safe Leasing, Inc. Accordingly, Defendant Master Safe, Inc. and/or Defendant Master Safe Leasing, Inc., are vicariously liable for the negligent acts, omissions, and commissions of Defendant Kirk Mackintosh, Jr., committed within the nature, course, and scope of his employment and/or apparent agency with Defendant Master Safe, Inc. and/or Defendant Master Safe Leasing, Inc.

## II. JURISDICTION AND VENUE

7. Plaintiff adopts and incorporates by reference paragraphs 1 through 6 of her Complaint as if fully set forth herein.

8. The tort which is the subject of this Complaint occurred in Laramie County, Wyoming, which is in this United States District.

9. These proceedings arise under, and jurisdiction is founded upon, 28 U.S.C. § 1332(a) and the laws of the United States of America as there exists complete diversity of citizenship between the Plaintiff and all the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. As the subject auto collision occurred in the State of Wyoming, the defendants have sufficient contacts to subject themselves to the personal jurisdiction of this Court and the other courts in the State of Wyoming.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in the State of Wyoming and in this United

States District.

## III. FACTS COMMON TO ALL COUNTS

12. Plaintiff adopts and incorporates by reference paragraphs 1 through 11 of her Complaint as if fully set forth herein.

13. On June 30, 2018, around 2:56 p.m., Plaintiff was appropriately operating her 2017 Dodge Charger, traveling westbound on Campstool Road in Cheyenne, Laramie County, Wyoming, approaching Defendant's vehicle.

14. At or around the same time, Defendant Kirk Mackintosh, Jr., an employee and/or apparent agent of Defendant Master Safe, Inc., and/or Defendant Master Safe Leasing, Inc., was operating a 2016 Volvo cargo truck, traveling westbound on Campstool Road in Cheyenne, Laramie County, Wyoming, approaching its intersection with Livingston Avenue.

15. Upon information and belief, the 2016 Volvo cargo truck being operated by Defendant Kirk Mackintosh, Jr., was owned by Defendant Master Safe, Inc., and/or Defendant Master Safe Leasing, Inc.

16. At or around the same time, Defendant Kirk Mackintosh Jr. began negligently reversing this 2016 Volvo cargo truck on Campstool Road, striking the front of Plaintiff's vehicle.

17. Plaintiff's vehicle, as a result of this impact, became adhered to the rear of the commercial motor vehicle being operated by Defendant Mackintosh.

18. Subsequently, Defendant Mackintosh attempted to make a righthand turn, violently pulling Plaintiff's vehicle forward and causing a secondary impact.

19. At the scene, Defendant Mackintosh admitted that he was solely and exclusively at fault for these collisions.

20. As a result of these collisions, Plaintiff suffered personal bodily injuries and other damages which are permanent and progressive in nature.

## COUNT I: NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS AND WANTON CONDUCT, AND VICARIOUS LIABILITY

21. Plaintiff adopts and incorporates by reference paragraphs 1 through 20 of her Complaint as if fully set forth herein.

22. The resulting injuries and other damages suffered by Plaintiff due to the aforementioned collisions were the result of the separate and/or combined negligence, gross negligence, reckless and wanton conduct, and fault of Defendant Kirk Mackintosh, Jr., which includes, but is not limited to, the following:

    a. Negligently backing this commercial vehicle on the roadway when such movement could not be safely made in contravention to W.S.S. § 31-5-266;

    b. Negligently failing to maintain a proper lookout;

    c. Negligently failing to maintain proper control of the commercial motor vehicle which he was operating;

    d. Negligently failing to pay proper attention to the conditions then existing on the roadway; and

    e. Negligently failing to check/clear the rear of his vehicle before attempting a backing maneuver in traffic.

23. The resulting injuries and other damages suffered by Plaintiff as a result of the aforementioned collisions were the result of the separate and/or combined negligence and fault of Defendant Master Safe, Inc., and/or Defendant Master Safe Leasing, Inc., which includes its failure to have in place proper procedures and protocols for the safe transportation of goods.

24. Upon information and belief, at the time of these collisions, Defendant Kirk Mackintosh, Jr., was acting within the course and scope of his employment and/or apparent agency with Defendant Master Safe, Inc., and/or Defendant Master Safe Leasing, Inc., so as to make Defendant Master Safe, Inc., and/or Defendant Master Safe Leasing, Inc., vicariously liable for the negligent acts, omissions, and commissions of Defendant Kirk Mackintosh, Jr.

25. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered serious personal bodily injuries and other damages, as more fully outlined below, which are permanent and progressive in nature.

26. At all times material hereto, Defendants owed a duty of reasonable care under the circumstances to Plaintiff, and these duties were breached as set forth above.

27. No act or omission on the part of Plaintiff caused or contributed to cause these collisions or any of her resultant personal bodily injuries or other damages.

## IV. DAMAGES

28. Plaintiff adopts and incorporates by reference paragraphs 1 through 27 of her Complaint as if fully set forth herein.

29. Due to the Defendants' negligent, wrongful, and unjustified acts, as set forth above, they are liable for the Plaintiff's resultant personal bodily injuries and other damages, which include, but are not limited to:

    a. Her serious personal bodily injuries, which are permanent and progressive in nature;

    b. Her medical care and treatment to date and the costs associated with such treatment;

    c. The medical care and treatment she can reasonably expect to incur in the future and the costs associated with that medical care and treatment;

    d. Her past and future pain, suffering, disability, disfigurement, and mental anguish;

    e. Her loss of time and income to date and into the foreseeable future; and

    f. Other damages, all in an amount in excess of $75,000.00, exclusive of interest and costs.

30. No act or omission on the part of Plaintiff caused or contributed to cause Plaintiff's injuries or resulting damages.

31. Plaintiff is entitled to judgment against the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs, and for such other further relief as the Court deems just and equitable.

## V. CONCLUSION

WHEREFORE AND BY REASON OF THE ABOVE AND FOREGOING, Plaintiff prays that judgment be entered in her favor and against of each of the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Benjamin Jackson
Benjamin Jackson, WY 7-5130
Jackson Legal Group, LLC
325 S. Main St.
Scott City, Kansas 67871
Phone: 620-874-9844
Fax: 307-369-1781
ben@jacksonlegalgroup.net
*Attorney for the Plaintiff*